UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MILTON ALLEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:24-CV-0282-B** |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| | § | |
| **Defendant.** | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Home Depot U.S.A., Inc. ("Home Depot")'s Motions to Strike the testimony of Plaintiff Milton Allen's experts Laura Lampton (Doc. 47) and Dr. Shubha Bhat (Doc. 49). For the following reasons, the Court **DENIES** each motion.

## I.

## BACKGROUND

This is a personal injury case. Allen alleges injuries sustained on the premises of his former employer, Home Depot, while acting in the scope of his employment. Doc. 1-5, Original Pet. ¶¶ 7-10. Allen sued Home Depot in Texas state court in December 2023, asserting one count of negligence. *Id.* at ¶¶ 12-15. Home Depot removed the state action to this court in February 2024, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Doc. 1, Notice Removal.

Dr. Shubha Bhat is a board-certified family medicine doctor who has served as Allen's primary care physician since 2015. Doc. 50, Br. Mot. Bhat ¶¶ 4, 6. In his expert disclosures, Allen listed Dr. Bhat as a non-retained expert witness. Doc. 53-2, App. Resp. Bhat, 4. Allen anticipates calling Dr. Bhat—and other non-retained witnesses—to testify as to Allen's injuries, including their

cause, extent, and diagnosis, as well as to treatments received or needed in the future. *Id.* at 5. Specifically, Dr. Bhat could testify that Allen's injuries stem from his alleged accident at Home Depot; that Allen received medical treatment to his back, right ankle, hip, and knees; and that Allen will need hip and knee replacements in the future. *Id.* at 5-6. Home Depot requests that the Court limit Dr. Bhat's testimony regarding the necessity of future knee and hip replacements. Doc. 50, Br. Mot. Bhat ¶ 10; Doc. 59, Reply Bhat ¶ 2.

Ms. Lampton is a registered nurse with a bachelor's degree in nursing. Doc. 48, Br. Mot. Lampton ¶¶ 3, 4. She is also a certified life care planner. *Id.* In his expert disclosures, Allen listed Ms. Lampton as a retained expert witness. Doc. 53-2, App. Resp. Bhat, 6. Relevant here, Ms. Lampton could testify regarding Allen's life care plan, related medical expenses, and projections for future medical expenses including those attributed to knee and hip replacement. Doc. 48, Br. Mot. Lampton ¶ 4; *see* Doc. 55-2, App. Resp. Lampton, 15. Home Depot requests that the Court limit Ms. Lampton's testimony insofar as it relies on Dr. Bhat's assessment of Allen's need for knee and hip replacement. Doc. 48, Br. Mot. Lampton ¶ 6. Home Depot also requests that the Court preclude any testimony by Ms. Lampton regarding the costs associated with Allen's loss of capacity to perform household services. *Id.* ¶ 7.

The Court considers the Motions below.

## II.

## LEGAL STANDARD

Federal Rule of Evidence 702 permits an expert witness to testify if: (1) that witness is "qualified as an expert by knowledge, skill, experience, training, or education"; (2) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (3) "the testimony is based on sufficient facts or data";

(4) "the testimony is the product of reliable principles and methods"; and (5) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." FED. R. EVID. 702. Expert "testimony is admissible only if it is both relevant and reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). The party offering expert testimony bears the burden of establishing by a preponderance of the evidence that the testimony satisfies Rule 702. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

"The court decides these motions in its role as gatekeeper concerning the admissibility of expert testimony." *Hall Arts Ctr. Off., LLC v. Hanover Ins. Co.*, 327 F. Supp. 3d 979, 1001 (N.D. Tex. 2018) (Fitzwater, J.) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)). "[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. "Rule 702 . . . clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify." *Id.* Thus, "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (citation omitted).

**III.**

**ANALYSIS**

According to Home Depot, Dr. Bhat's testimony as to the cause of, or need for, knee or hip replacement is unreliable because, as a general practitioner, she is not qualified to render an opinion on those issues. Doc. 50, Br. Mot. Bhat ¶ 13. And if Dr. Bhat's testimony is unreliable, Ms. Lampton's estimates as to hip and knee replacement expenses are likewise unreliable because

they are based on Dr. Bhat's testimony. *See* Doc. 48, Br. Mot. Lampton ¶ 6. Because the Court finds that Dr. Bhat's testimony is reliable, the Court **DENIES** Home Depot's Motions to Strike Dr. Bhat's testimony on Allen's need for knee and hip replacement (Doc. 49) and Home Depot's Motion to Strike Ms. Lampton's testimony on Allen's expenses related to knee and hip replacement (Doc. 47).

Home Depot also claims that Ms. Lampton's testimony regarding costs attributable to loss of capacity to perform household services is "irrelevant" because Allen cannot recover those costs as a matter of law. *See* Doc. 48, Br. Mot. Lampton ¶ 7. Because the Court finds that such damages are recoverable and estimates related to those damages are relevant, the Court **DENIES** Home Depot's Motion to Strike Ms. Lampton's Testimony on Allen's future costs due to loss of capacity to perform household services (Doc. 47).

*A. Dr. Bhat's Testimony as to Allen's Need for Knee and Hip Replacement is Reliable.*

First, the Court denies Home Depot's Motion to Strike Dr. Bhat's testimony regarding the need for knee and hip replacement. "Rule 702 does not mandate that an expert be *highly* qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, *not its admissibility*." *Huss*, 571 F.3d at 452 (citation omitted) (emphasis added). "[I]t is an abuse of discretion for a trial court to exclude expert witness testimony on the ground that the witness is not qualified to render the opinion at issue because the witness lacks a certain educational or other experiential background." *United States v. Wen Chyu Liu*, 716 F.3d 159, 167 (5th Cir. 2013) (citation omitted). "Nonetheless, before admitting the testimony, the court must also gauge whether the 'witness's qualifying training or experience, and resultant

specialized knowledge, are sufficiently related to the issues and evidence before the trier of fact that the witness's proposed testimony will help the trier of fact.'" *Id.* (citation omitted).

Home Depot contends that Dr. Bhat is not qualified to render an opinion as to Allen's need for hip and knee replacement surgeries because she is a general practitioner whose specialization is family medicine. Doc. 50, Br. Mot. Bhat ¶ 13. According to Home Depot, such opinions are better left to orthopedic surgeons or neurosurgeons, and Dr. Bhat is Allen's only treating physician to determine that such replacements are necessary. *Id.* ¶ 16. Allen disagrees. He notes that while Dr. Bhat is not a specialist in orthopedics, she has been his primary care physician for over ten years, serving as one of his primary treating providers since the alleged incident. Doc. 54, Resp. Bhat ¶ 3.

In support of its position, Home Depot points to *Cleveland ex rel. Cleveland v. United States*, where the Fifth Circuit found no abuse of discretion when the district court ruled that a doctor specializing in internal medicine was not qualified to offer "his opinion on the standard of care owed by emergency room physicians." 457 F.3d 397, 405 (5th Cir. 2006). The Fifth Circuit explained that emergency medicine is a specialty of its own, and while a specialist in internal medicine could be qualified to testify as to its own standard of care, the plaintiff had not shown that the two specialties' standards of care were the same. *Id.* at 406. Notably, the Fifth Circuit's determination turned on its application of Louisiana state law that required, "[w]hen the claim of malpractice turns on the negligence of a specialist, only those qualified in that specialty may offer expert testimony and evidence of the applicable standard of care." *Id.* (internal quotation omitted). In other words, the

*Cleveland* court was applying state substantive law to a medical malpractice claim—not conducting a pure Rule 702 analysis as is required here. *See id.*[1]

A better analogue is *Huss*, where the Fifth Circuit considered whether a doctor specializing in internal medicine was qualified to testify to the cause of heart disease in the plaintiff. 571 F.3d at 453. The district court determined at trial that the doctor was not qualified and excluded his testimony because—despite the doctor's experience in treating patients with heart disease as part of his internal medicine practice, the doctor's education, the doctor's familiarity with the plaintiff's records, and the doctor's familiarity with medical literature on the subject—the doctor did not have "experience or training" enabling him to say that the administration of a particular drug "did or did not probably cause" heart disease. *Id.* The Fifth Circuit disagreed and held that the doctor "did not need be board-certified in cardiology or toxicology to explain that the studies relied on by the [plaintiffs] do not prove a causative relationship." *Id.* at 455. The doctor's general "training and experience as a medical professional" qualified him to tell a jury that the literature on the subject did not "establish a causal link" between certain medication and heart failure. *Id.* Thus, the doctor did not need "to be specialized in cardiology or toxicology to act as a counterpoint to the [plaintiffs'] experts" and the district court had abused its discretion in excluding the doctor's testimony. *Id*; *see also Holbrook v. Lykes Bros. S.S. Co., Inc.*, 80 F.3d 777, 782 (3d Cir. 1996) ("[I]t is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best

[1] Home Depot also cites a variety of Texas state cases where an expert's testimony was precluded based on their lack of experience or expertise in a particular specialization. *See, e.g.*, *Larson v. Downing*, 197 S.W.3d 303, 305 (Tex. 2006); *Milkie v. Metni*, 658 S.W.2d 678, 679-80 (Tex. App.—Dallas 1983, no writ); *Broders v. Heise*, 924 S.W.2d 148, 152-53 (Tex. 1996). These state cases apply Texas rules of evidence and are not binding on this court. Moreover, like *Cleveland*, they are readily distinguishable from the issue presented here.

qualified or because the proposed expert does not have the specialization that the court considers most appropriate.”).

Home Depot asks this Court to limit Dr. Bhat’s testimony because Dr. Bhat is not a specialist in orthopedics. This alone is an insufficient basis to exclude an otherwise qualified medical professional’s testimony. *See Wen Chyu Liu*, 716 F.3d at 167 (explaining that a trial court abuses its discretion where it excludes an expert’s testimony solely on the grounds that the witness “lacks a certain educational or other experiential background”) (internal citations omitted); *Holbrook*, 80 F.3d at 782. The Court’s gatekeeping function does require consideration of whether Dr. Bhat’s “qualifying training or experience” is “sufficiently related to the issues and evidence.” *See Wen Chyu Liu*, 716 F.3d at 167. Dr. Bhat is a board-certified physician who has personally treated Allen for the past ten years—both before and after the alleged incident—and has personal knowledge of Allen’s physical condition before and following the various procedures Allen has already undergone. Doc. 57-1, App. Supp., Ex. B., 3-6. As Allen’s longtime treating physician with personal knowledge of the incident in question here, Dr. Bhat is qualified to form an expert opinion on whether further medical procedures could be required.

There are open questions as to the *weight* of Dr. Bhat’s medical opinion. But “Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue.” *Huss*, 571 F.3d at 452. “Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.” *Daubert*, 509 U.S. at 596 (citation omitted).

B. *Ms. Lampton's Testimony as to Estimates of Knee and Hip Replacement Costs are Reliable.*

Next, the Court denies Home Depot's Motion to Strike Ms. Lampton's testimony as to the costs associated with knee and hip replacement.

Ms. Lampton is an experienced registered nurse and certified life care planner, Doc. 48, Br. Mot. Lampton ¶¶ 3, 4, but she does not independently determine whether her patients require future medical procedures, *see* Doc. 47-1, App. Mot. Lampton, Ex. A, 26. Instead, she relies heavily on the medical opinions provided by competent physicians in projecting her patient's future medical expenses. *Id.* Thus, in adding knee and hip replacement costs to Allen's medical expense estimates, Ms. Lampton relied entirely on a letter from Dr. Bhat stating that knee and hip replacements would be necessary in the first place. *Id.* at 28. As a result, Ms. Lampton's reliability as an expert on Allen's projected medical expenses depends in part on the reliability of Dr. Bhat. *See* Doc. 48, Br. Mot. Lampton ¶ 19.

Because the Court finds that Dr. Bhat can reliably testify on Allen's need for knee and hip replacement, and because Home Depot does not otherwise challenge Ms. Lampton's qualifications or experience as a nurse and life care planner, the Court finds that Ms. Lampton's estimates of Allen's future medical costs—and specifically future costs attributable to knee and hip replacement—are reliable. As with Dr. Bhat, Home Depot can press its arguments regarding the *weight* of Ms. Lampton's testimony through "vigorous cross-examination" and the "presentation of contrary evidence," but cannot exclude otherwise admissible expert testimony. *See Daubert*, 509 U.S. at 596.

C. *Ms. Lampton's Testimony as to Cost Estimates of Loss of Household Services is Relevant.*

Finally, the Court denies Home Depot's Motion to Strike Ms. Lampton's testimony on loss of household services costs.

Home Depot claims that Ms. Lampton's testimony on costs attributed to loss of household services is irrelevant because Allen individually has no standing to recover those costs as damages. Doc. 48, Br. Mot. Lampton ¶ 20. According to Home Depot, injured parties cannot bring loss of household services claims because they are only available to non-injured spouses. *Id.* ¶¶ 20-21. Allen's costs for loss of household services would thus be irrelevant, as Allen's spouse did not join the action or otherwise bring a separate claim. *See id.* In support of this proposition, Home Depot cites *Whittlesey v. Miller*, 572 S.W.2d 665 (Tex. 1978); *Critical Path Res. v. Cuevas*, 561 S.W.3d 523 (Tex. App.—Houston [14th Dist.] 2018, pet. granted, judgm't vacated w.r.m.), *supplemented*, 582 S.W.3d 348 (Tex. App.—Houston [14th Dist.] 2018); and *City of Denton v. Page*, 683 S.W.2d 180, 206 (Tex. App.—Fort Worth 1985, rev'd on other grounds). However, none of Home Depot's identified cases preclude injured parties from seeking loss of household services damages.

In *Whittlesey*, the Texas Supreme Court considered whether a wife had an independent action for *loss of consortium* from her husband's injury. 572 S.W.2d at 665. While *Whittlesey* briefly discussed loss of household services, it did so to note that claims for loss of "'services' rendered by a spouse to the marriage" are separate from loss of consortium claims. *Id.* at 666. Moreover, the *Whittlesey* court expressly stated that unlike loss of consortium, which is a distinct loss suffered only by the non-injured spouse, *id.* at 667, loss of the "services of the spouse" to perform household and domestic duties is "recoverable as a damage *to the community*," *id.* at 666 n.2 (emphasis added).

As Allen has pointed out, the Court is not alone in this understanding of *Whittlesey*. *See* Doc. 56, Resp. ¶ 13. In *Suh v. Tyson Foods, Inc.*, the injured plaintiff wanted monetary compensation for her loss of capacity to perform household services, and the defendant argued that only the spouse of an injured party—not the injured party herself—may raise a claim for loss of household services.

No. 4:19-CV-00409-O, 2020 WL 13490747, at *1-3 (N.D. Tex. June 2, 2020) (O'Connor, J.). The court found that under *Whittlesey*, a loss of household services claim is communal, meaning either the injured party or their non-injured spouse could raise it. *Id.* at *3-4. The court noted that while it may be more common for a non-injured spouse to raise derivative loss of household services claims, there are also cases in which injured parties successfully brought those claims themselves. *Id.* (citing *Ching Enters., Inc. v. Barahona*, 2008 WL 4006758 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Hancock Fabrics, Inc. v. Martin*, 596 S.W.2d 186 (Tex. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.)) (additional citations omitted).

Home Depot's other proffered cases likewise provide little support for its argument. While *Cuevas* explained that "[a] claim for loss of household services is derivative in nature[,]" it was only to explain that the claim depends on proving a separate "serious, permanent, and disabling" injury. *See* 561 S.W.3d at 566. In *Cuevas*, the court addressed a non-injured spouse's loss of household services claim but did not at any point imply that the injured spouse could not also have brought the claim. *See id.* In *Page*, the court stated that "a cause of action for loss of household services is based on the loss of the services of the injured spouse" and accordingly found that contributory negligence could limit both the negligence and derivative loss of household services claims. 683 S.W.2d at 206. But as in *Cuevas*, the *Page* court considered a loss of household services claim by a non-injured spouse and did not address whether the injured spouse could also have brought the claim. *See id.*

Because the Court finds that Texas law does not preclude Allen from bringing a loss of household services claim, Ms. Lampton's testimony as to the cost of loss of capacity to perform

household services is relevant. Home Depot's motion to strike Ms. Lampton's testimony as to lost household services is denied.

**IV.**

**CONCLUSION**

For the reasons discussed above, the Court **DENIES** Home Depot's Motion to Strike the testimony of Dr. Bhat (Doc. 49) and Home Depot's Motion to Strike the testimony of Ms. Lampton (Doc. 47).

**SO ORDERED.**

**SIGNED: September 16, 2025.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**